## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

      Plaintiff,

v.

                                           Case No. 2:23-cv-13176
                                           Hon. Laurie J. Michelson
                                           Mag. J. Hon. Kimberly G. Altman

MADISON ATRINA LLC d/b/a DISTRICT LENDING,

      Defendant.

                                                               /

MOHEEB H. MURRAY (P63893)
WILLIAM E. McDONALD III (P76709)
MAHDE Y. ABDALLAH (P80121)
BUSH SEYFERTH PLLC
Attorneys for Plaintiff
100 W. Big Beaver Road, Suite 400
Troy, Michigan 48084
(248) 822-7800
abdallah@bsplaw.com
mcdonald@bsplaw.com

A. LANE MORRISON
BUSH SEYFERTH PLLC
Attorneys for Plaintiff
5810 Wilsom Road, Suite 125
Humble, TX 77396
(281) 930-6853
morrison@bsplaw.com

JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

                                                               /

## DEFENDANT, MADISON ATRINA LLC'S, MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 17] PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Madison Atrina LLC d/b/a District Lending, by and through its attorneys, Morganroth & Morganroth, PLLC, hereby moves to dismiss Plaintiff's First Amended Complaint with prejudice pursuant to Rule 12(b)(6) based upon the facts, authority and arguments set forth in the accompanying Brief.

Counsel for Defendant certifies that Jason R. Hirsch communicated with Plaintiff's counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief requested in the instant Motion in accordance with Local Rule 7.1(a). Plaintiff's counsel did not provide concurrence.

WHEREFORE, Defendant respectfully requests that this Court GRANT the Motion in its entirety and dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
Dated: May 7, 2024      jhirsch@morganrothlaw.com

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

      Plaintiff,

v.

MADISON   ATRINA   LLC   d/b/a DISTRICT LENDING,

      Defendant.

Case No. 2:23-cv-13176
Hon. Laurie J. Michelson
Mag. J. Hon. Kimberly G. Altman

_____/

MOHEEB H. MURRAY (P63893)
WILLIAM E. McDONALD III (P76709)
MAHDE Y. ABDALLAH (P80121)
BUSH SEYFERTH PLLC
Attorneys for Plaintiff
100 W. Big Beaver Road, Suite 400
Troy, Michigan 48084
(248) 822-7800
abdallah@bsplaw.com
mcdonald@bsplaw.com

A. LANE MORRISON
BUSH SEYFERTH PLLC
Attorneys for Plaintiff
5810 Wilsom Road, Suite 125
Humble, TX 77396
(281) 930-6853
morrison@bsplaw.com

JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

_____/

## DEFENDANT, MADISON ATRINA LLC'S, BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 17] PURSUANT TO FED. R. CIV. P. 12(b)(6)

## <u>**TABLE OF CONTENTS**</u>

**Page**

INDEX OF AUTHORITIES.......................................................................... iii

STATEMENT OF ISSUES PRESENTED............................................... iv

STATEMENT OF FACTS ............................................................................1

ARGUMENT .................................................................................................3

    A. The Unsigned Amendment to the 2019 Wholesale Broker Agreement Is Invalid Under Section 7.01 Because It Is Undisputedly Unsigned ................6

    B. The Unsigned Amendment to the 2019 Wholesale Broker Agreement Is Also Invalid Under Section 7.08 ....................................................................7

        1.   Section 7.08 Provides a Limited Exception to the Requirement that All Amendments to the 2019 Wholesale Broker Agreement Must Be In Writing Which is Not Applicable Here .......................................................9

        2.   The Express Language of Section 7.08 Makes It Clear that It Cannot and Does Not Apply to the Type of Amendment Purportedly Implemented in the Unsigned Amendment to the 2019 Wholesale Broker Agreement....10

        3.   UWM's Assertion that Section 7.08 Could Somehow Apply to the Amendments at Issue Is Without Merit ....................................................12

    C. The Unsigned Amendment to the 2019 Wholesale Mortgage Agreement is Void Because UWM Provided No Additional Consideration for the Purported Amendment as Required by Michigan Law .................................13

    D. The Unsigned Amendment to the 2019 Wholesale Broker Agreement is Void Because, on its face, it Would Not Become Effective Unless it is Executed by the Parties...................................................................................16

CONCLUSION ...........................................................................................19

i

CERTIFICATE OF SERVICE ................................................................................20

# INDEX OF AUTHORITIES

**Cases**                                                                                  **Page(s)**

*Adell Broad. Corp. v. Apex Media Sales, Inc.*,
    269 Mich. App. 6; 708 N.W.2d 778 (2005) ........................................... 14, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009) ................................4

*Association of Cleveland Fire Fighters v. City of Cleveland*,
    502 F.3d 545 (6th Cir. 2007) ...............................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) ................................4

*Carter v. Target Corp.*,
    541 Fed. App'x 413 (5th Cir. 2013) ...........................................................17

*Dugan v. State Farm Mut. Auto. Ins. Co.*,
    845 F.Supp.2d 803 (E.D. Mich. 2012) ....................................................4, 17

*Vickers v. Am. Oil Co.*,
    26 Mich. App. 245; 182 N.W.2d 592 (1970) .................................................15

*Woodington v. Shokoohi*,
    288 Mich. App. 352; 792 N.W.2d 63 (2010) .................................................9

## Other Authorities

Mich. Comp. Laws Serv. § 566.1 ................................................................ 13, 14, 18

17 Am Jur 2d, Contracts, § 119, p 465 ....................................................................15

**Rules**                                                                                  **Page(s)**

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 3

## <u>STATEMENT OF ISSUES PRESENTED</u>

**I.**   Whether Plaintiff, United Wholesale Mortgage, LLC, has failed to state a claim for which relief may be granted against Defendant, Madison Atrina LLC d/b/a District Lending, where:

  **a.** The purported incomplete and unsigned 2021 amendment to the unsigned Wholesale Broker Agreement upon which Plaintiff bases its claim was never executed by the Parties at all; and

  **b.** The existing 2019 Wholesale Broker Agreement between the Parties may only be amended pursuant to a writing executed by the Parties.

Defendant Answers:       Yes

Plaintiff Answers:       No

iv

## STATEMENT OF FACTS

On December 13, 2023, Plaintiff, United Wholesale Mortgage, LLC ("UWM"), filed its Complaint against Defendant, Madison Atrina LLC d/b/a District Lending ("District Lending"). ECF No. 1. Defendant filed its Motion to Dismiss UWM's Complaint on April 2, 2024.[1] ECF No. 10. On April 23, 2024, UWM filed its First Amended Complaint (the "FAC").[2] ECF No. 17.

In the FAC, UWM alleges that District Lending is an independent mortgage broker that entered into a Wholesale Broker Agreement with UWM in March 2019 (the "2019 Wholesale Broker Agreement"). ECF No. 17, PageID.94 at ¶¶ 11, 14. UWM has attached the 2019 Wholesale Broker Agreement as Exhibit A to its FAC. ECF No. 17-1. UWM does *not* allege that the 2019 Wholesale Broker Agreement prohibited District Lending from submitting mortgage loans to any wholesale mortgage lender of District Lending's choice and confirms that District Lending had

---

[1] In light of UWM's filing of the FAC, the motion to dismiss the original complaint (ECF No. 10) has been dismissed as moot. See, April 23, 2024 Text-Only Order.

[2] Many of the purported facts alleged in the FAC are false, inaccurate and/or misleading. Because this Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), District Lending will not address the falsity, inaccuracies and misleading nature of the allegations in the FAC at this time and acknowledges that the Court must accept any well-pled factual allegations contained in the FAC as true for the purposes of this Motion only.

1

no obligation to submit any mortgage loans to UWM at all pursuant to the Wholesale Broker Agreement. See e.g., ECF No. 17, PagID.94-95 at ¶¶ 15, 16.

On March 4, 2021, UWM announced its "All-In Initiative" (the "Ultimatum"). ECF No. 17, PageID.96-97 at ¶ 23. As part of the Ultimatum, UWM announced that it had decided to end its business relationship with any Broker Partners who chose to continue originating loans with two specific retail lenders, Rocket Mortgage and Fairway Independent Mortgage, which UWM refers to as the "Select Retailer Lenders," and who are major direct competitors of UWM in the wholesale mortgage market. *Id.*

UWM alleges that, "In February and March 2022, District Lending reviewed UWM's yearly Agreement renewal package, which contained the All-In Addendum, and approved the renewal through UWM's online broker-facing portal." (the "Unsigned Amendment to the 2019 Wholesale Broker Agreement"). *Id.*, PageID.98-99 at ¶ 32.

UWM alleges that, pursuant to the "All-In" provision, which is present only in the Unsigned Amendment to the 2019 Wholesale Broker Agreement, District Lending somehow agreed that it would not submit loans to Rocket Mortgage and Fairway Independent Mortgage, UWM's major direct competitors in the wholesale mortgage market. *Id.*, PageID.97-98 at ¶¶ 26-27. UWM alleges that the submission of loans to its major direct competitors (Rocket Mortgage and Fairway Independent

2

Mortgage) would constitute a breach of the Unsigned Amendment to the 2019 Wholesale Broker Agreement and thereby subject District Lending to onerous liquidated damages. *Id.*, PageID.97 at ¶ 26.

UWM alleges that District Lending submitted "at least 137 mortgage loans" to UWM's excluded direct competitors, which UWM alleges is a breach of the Unsigned Amendment to the 2019 Wholesale Broker Agreement. *Id.*, PageID.100-101 at ¶¶ 41, 42, 47.

UWM alleges a single claim for breach of contract in its FAC based solely upon District Lending's alleged breach of the Unsigned Amendment to the 2019 Wholesale Broker Agreement. *Id.*, PageID.100. UWM's FAC should be dismissed with prejudice as a matter of law because the Unsigned Amendment to the 2019 Wholesale Broker Agreement which UWM claims was breached and which is attached as Exhibit B to UWM's FAC [ECF No. 17-2] was never completed nor executed by the Parties and therefore is unenforceable on its face. Furthermore, the 2019 Wholesale Broker Agreement could only be amended in a writing executed by the Parties.

## **ARGUMENT**

### I.    **Standard of Review.**

A motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. "In

3

deciding a motion under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims … The pleading must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Dugan v. State Farm Mut. Auto. Ins. Co.,* 845 F.Supp.2d 803, 805 (E.D. Mich. 2012), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007)."'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Association of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007), citing *Twombly,* 550 U.S. at 544.

"The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief." *Dugan,* 845 F. Supp. 2d at 805, citing *Ashcroft v. Iqbal,* 556 U.S. 662, 684; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotation marks and citation omitted).

Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal citation omitted). If the factual allegations are not "enough to raise a right to relief above the speculative level," the court should grant the motion. *Twombly*, 550 U.S. at 555.

## II.   UWM Has Failed to State a Claim Upon Which Relief May Be Granted Because its Claim is Based Entirely Upon the Ultimatum in the Unsigned Amendment to the 2019 Wholesale Broker Agreement Which Is Unenforceable as a Matter of Law.

UWM's single claim for breach of contract is premised upon its allegation that the Unsigned Amendment to the 2019 Wholesale Broker Agreement, which contains the Ultimatum and which UWM alleges is an "amendment" to the 2019 Wholesale Broker Agreement is somehow enforceable even though it was never executed by District Lending and even though the amendment at issue here (the inclusion of the Ultimatum) is not the type of amendment which could be unilaterally implemented by UWM without a signed writing.

**A. The Unsigned Amendment to the 2019 Wholesale Broker Agreement Is Invalid Under Section 7.01 Because It Is Undisputedly Unsigned.**

An unsigned amendment to the 2019 Wholesale Broker Agreement is expressly prohibited by Section 7.01 of the 2019 Wholesale Broker Agreement itself. Specifically, Section 7.01 of the 2019 Wholesale Broker Agreement states:

> **7.01. Amendment of Agreement**. Except as set forth on [sic] Section 7.08, this Agreement may *not* be amended except *in writing executed by authorized representatives of both Broker and UWM*. ECF No. 17-1, PageID.111 at § 7.01 (italics added).

Thus, pursuant to Section 7.01 of the 2019 Wholesale Broker Agreement, an "amendment" to the 2019 Wholesale Broker Agreement is valid *if and only if* it is "in writing executed by authorized representatives of both Broker [District Lending] and UWM." ECF No. 17-1, PageID.111 at § 7.01. Clear and unambiguous contract language must be enforced as written. *Holland v. Trinity Health Care Corp.*, 287 Mich. App. 524, 527; 791 N.W.2d 724 (2010).

The purported "amendment" to the 2019 Wholesale Broker Agreement attached by UWM as Exhibit B to its FAC is undisputedly *not* signed by either Party and UWM does not even *allege* that the purported "amendment" was ever signed. ECF No. 17-2, PageID.134 (Unsigned Amendment to the 2019 Wholesale Broker Agreement); ECF No. 17, PageID.98-99 at ¶ 32 (UWM vaguely alleges that "In February and March 2022, District Lending reviewed UWM's yearly Agreement renewal package, which contained the All-In Addendum, and approved the renewal

through UWM's online broker-facing portal.").[3] Thus, the Unsigned Amendment to the 2019 Wholesale Broker Agreement cannot be valid based on Section 7.01 as a matter of law because there is no writing signed by UWM and District Lending.

### B. The Unsigned Amendment to the 2019 Wholesale Broker Agreement Is Also Invalid Under Section 7.08.

In its response to the Motion to Dismiss the Complaint, UWM concedes that the Unsigned Amendment to the 2019 Wholesale Broker Agreement is not and could not have been effectuated under Section 7.01. Instead, UWM contends that that the Unsigned Amendment to the 2019 Wholesale Broker Agreement is somehow a valid amendment based upon Section 7.08 of the 2019 Wholesale Broker Agreement. ECF No. 17, PageID.95-96 at ¶ 21.

Section 7.08 of the 2019 Wholesale Broker Agreement states:

> **7.08. UWM Amendments & Website.** This Agreement, and *UWM's policies, procedures, requirements and instructions concerning Mortgage Loan Applications and Mortgage Loans ...* may be amended by UWM from time to time, and UWM will endeavor to provide broker with prompt notice thereof, which may occur by posting any such amendments on UWM's website, which Broker is required to regularly check and monitor as a condition of this Agreement. *Broker agrees that the submission of any Mortgage Loan Applications or Mortgage Loans to UWM* after such amendment shall be Broker's agreement to the amendment without further signature or consent of any kind. Any such amendment shall apply to pending, and/or future Mortgage Loan Applications submitted by Broker. ECF No. 17-1, PageID.111 at § 7.08

---

[3] UWM does not identify the date or even month it contends District Lending "approved" the Unsigned Amendment to the 2019 Wholesale Broker Agreement. ECF No. 17, PageID.98-99, ¶ 32.

(italics added).

"Mortgage Loan Applications," "Mortgage Loans" and "Mortgage Loan" are expressly defined terms in the 2019 Wholesale Broker Agreement. Specifically, the 2019 Wholesale Broker Agreement defines "Mortgage Loan Applications" to mean "an application for a Mortgage Loan processed by Broker *in accordance with the lending requirements of UWM*, including but not limited to those contained in the UWM Guide, the terms of this Agreement, all applicable governmental regulations, and the generally accepted practices and procedures within the mortgage industry." ECF No. 17-1, PageID.104 at § 1.19 (italics added). "Mortgage Loans" means "each and every Mortgage Loan, which is *subject to this Agreement*." *Id*. at § 1.18 (italics added). "Mortgage Loan" means "a loan to individuals which is secured by a Mortgage and *is subject to this Agreement*." *Id*. at § 1.17 (italics added).

Based upon these definitions, the Unsigned Amendment to the 2019 Wholesale Broker Agreement could not be a valid amendment implemented under Section 7.08 because the purported amendments to the 2019 Wholesale Broker Agreement, by their terms, do not relate to "Mortgage Loans" or "Mortgage Loan Applications" as those terms are defined in the 2019 Wholesale Broker Agreement.

1.  **Section 7.08 Provides a Limited Exception to the Requirement that All Amendments to the 2019 Wholesale Broker Agreement Must Be In Writing Which is Not Applicable Here.**

Section 7.08's *limited* exception to Section 7.01's requirement that any modification to the 2019 Wholesale Broker Agreement must be in a writing executed by both parties applies only to *amendments concerning Mortgage Loan Applications and Mortgage Loans submitted to UWM*, *not* the general overarching terms of the agreement between UWM and District Lending (*i.e.*, by limiting and restricting to whom District Lending, a purportedly independent mortgage broker (ECF No. 17, PageID.96 at ¶ 23), was permitted to submit mortgage loans and mortgage loan applications). ECF No. 17-1, PageID.111 at § 7.08. In fact, Section 7.08 cannot, as a matter of law, be read to apply to all types of amendments to the 2019 Wholesale Broker Agreement because every word, phrase, and clause in a contract must be given effect, and a contract interpretation that would render *any* part of the contract surplusage or nugatory must be avoided. *Woodington v. Shokoohi*, 288 Mich. App. 352, 374; 792 N.W.2d 63 (2010). Applying Section 7.08 to *every* type of amendment to the 2019 Wholesale Broker Agreement would completely gut Section 7.01 and render Section 7.01 as mere surplusage, which would be a legally impermissible reading of the 2019 Wholesale Broker Agreement.

**2. The Express Language of Section 7.08 Makes It Clear that It Cannot and Does Not Apply to the Type of Amendment Purportedly Implemented in the Unsigned Amendment to the 2019 Wholesale Broker Agreement.**

The language of Section 7.08 makes clear that it could not apply to the "amendments" purportedly implemented by UWM in the Unsigned Amendment to the 2019 Wholesale Broker Agreement because those amendments did *not* relate to the defined terms "Mortgage Loans" or "Mortgage Loan Applications."

Here, UWM has sought to impose two entirely new terms via the Unsigned Amendment to the 2019 Wholesale Broker Agreement which have nothing to do with Mortgage Loan Applications or Mortgage Loans submitted *to UWM*. Specifically, via the Unsigned Amendment to the 2019 Wholesale Broker Agreement, UWM seeks to add:

1. The Ultimatum in Section 3.03(x) which prohibits a "Broker Partner" from submitting loans to Select Retail Lenders (ECF No. 17-2, PageID.123 at § 3.03(x)) which did not exist at all in the 2019 Wholesale Broker Agreement (ECF No. 17-1, PageID.108 at § 3.03 [Section 3.03 contains no subsection (x) at all in the 2019 Wholesale Broker Agreement]); and

2. The liquidated damages provision in Section 7.30 (ECF No. 17-2, PageID.133-134, § 7.30) which did not exist at all in the 2019 Wholesale Broker Agreement (ECF No. 17-1, PageID.113[no section 7.30 at all]).

These entirely new terms are antithetical to the terms of the 2019 Wholesale Broker Agreement and have nothing to do with Mortgage Loan Applications and Mortgage Loans submitted by District Lending *to UWM*. Such alleged amendments

10

could only be accomplished *pursuant to a signed writing as required by Section 7.01*. ECF No. 17-1, PageID.111 at § 7.01.

The primary section purportedly added to the 2019 Wholesale Broker Agreement via the Unsigned Amendment to the 2019 Wholesale Broker Agreement is Section 3.03(x).[4] ECF No. 17, PageID.97 at ¶ 26; ECF No. 17-2, PageID.123 at § 3.03(x). Section 3.03(x) relates only to the *undefined lower-case terms* "mortgage loan" or "mortgage loan application." *Id*. That is, the purported addition of Section 3.03(x) to the 2019 Wholesale Broker Agreement could not be an amendment made pursuant to Section 7.08 because, on its face, it does not relate to the defined terms "Mortgage Loan" or "Mortgage Loan Application."[5]

---

[4] Section 7.30 was also added in the Unsigned Amendment to the 2019 Wholesale Broker Agreement. ECF No. 17, PageID.98 at ¶¶ 28; ECF No. 17-2, PageID.133-1342 at § 7.30. Section 7.30 also only relates to "mortgage loans" and "mortgage loan application" (lowercase) inasmuch as it provides for liquidated damages in the event of a breach of Section 3.03(x) only. *Id*.

[5] The lack of capitalization of these terms in Section 3.03(x) is no mere typographical error. UWM clearly intends Section 3.03(x) to apply to a different universe of mortgage loan applications than the universe encompassed by the defined term "Mortgage Loan Application," which is limited to only "a Mortgage Loan processed by Broker *in accordance with the lending requirements of UWM*." ECF No. 17-2, PageID.116 at § 1.19 (emphasis added). UWM admittedly seeks to prohibit its "Broker Partners" from submitting mortgage loans to Select Retail Lenders which are inherently mortgage loans prepared in accordance with the lending requirements of one of the prohibited "Select Retail Lenders," *not* UWM. See, ECF No. 17, PageID.97-98 at ¶¶ 26-27

By definition, a mortgage loan application processed by District Lending in accordance with the lending requirements of a lender *other than* UWM is simply not covered by Section 7.08 at all because Section 7.08 applies only to amendments concerning Mortgage Loans Applications (capitalized, as that term is defined in the 2019 Wholesale Broker Agreement).[6]

### 3. UWM's Assertion that Section 7.08 Could Somehow Apply to the Amendments at Issue Is Without Merit.

UWM appears to contend that, notwithstanding Section 7.01's requirement that amendments to the 2019 Wholesale Broker Agreement must be in a writing executed by UWM and District Lending, the 2019 Wholesale Broker Agreement "could [also] be amended if UWM provided notice to District Lending of the amendment and, after receiving such notice, District Lending submitted any mortgage loan or mortgage loan application to UWM" ECF No. 17, PageID.96 at ¶ 21. UWM's linguistic gymnastics make no sense because: (1) UWM *necessarily* has to give notice of any amendment (whether under Section 7.01 or Section 7.08), and (2) the purported amendment to the agreement only comes into play if District Lending subsequently submits a mortgage loan application. Thus, according to UWM, there would never be any need for the Parties to execute an amendment under Section 7.01

---

[6] Section 7.08 also relates to "Mortgage Loans" but, as a matter of logic, this must apply to a Mortgage Loan based upon UWM's lending requirements.

because, once such an amendment is presented by UWM, it is *de facto* accepted (under Section 7.08) as soon as District Lending submits a mortgage loan application.[7] UWM's position would render Section 7.01 nugatory.

Thus, because UWM does not even allege that District Lending ever agreed to the purported "amendment" in a signed writing, as required by the clear and unambiguous terms of Section 7.01 of the 2019 Wholesale Broker Agreement, and the document attached to the FAC by UWM which purports to be the "amendment" is undisputedly *not* signed, the purported "amendment" is unenforceable and could not have modified the 2019 Wholesale Broker Agreement. ECF No. 17-1, PageID.111 at § 7.01.

### C. The Unsigned Amendment to the 2019 Wholesale Mortgage Agreement is Void Because UWM Provided No Additional Consideration for the Purported Amendment as Required by Michigan Law.

No additional consideration was provided for the purported "amendment" of the 2019 Wholesale Broker Agreement and therefore it is void as a matter of law pursuant to Mich. Comp. Laws Serv. § 566.1. Specifically, although Mich. Comp. Laws Serv. § 566.1  permits amendments to contracts without additional

---

[7] If District Lending never submits a mortgage loan application to UWM after UWM has provided notice of an amendment, then the agreement itself is moot.

consideration,[8] an amendment made *without* additional consideration is valid *only*

where the amendment is *memorialized in a signed writing*. Mich. Comp. Laws Serv.

§ 566.1 states:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding *unless it shall be in writing and signed by the party against whom it is sought to enforce the change*, modification, or discharge. (emphasis added).

The Michigan Court of Appeals has held that Section 566.1 applies to *all types*

of contracts. In *Adell Broad. Corp. v. Apex Media Sales, Inc.*, 269 Mich. App. 6, 10;

708 N.W.2d 778, 781 (2005), the Michigan Court of Appeals held:

> Defendants argue that MCL 566.1 only applies to contracts involving real or personal property. *We disagree*. It is a common grammatical rule of construction that *a modifying clause will be construed to modify only the last antecedent* unless some language in the statute requires a different interpretation. MCL 566.1 addresses the amendment, modification, or discharge of several different legal documents, the last of which is "any mortgage or other security interest in personal or real property." The phrase "in personal or real property" grammatically modifies "mortgage or other security interest." *It would be contrary to the plain meaning of the statute and rules of statutory construction to read the modifying phrase "in personal or real property" to modify "any contract, obligation or lease."* (emphasis added, internal citation omitted).

---

[8] UWM does *not* allege that it provided any additional consideration for the purported "amendment" and clearly did not do so pursuant to the terms of the Unsigned Amendment to the 2019 Wholesale Broker Agreement.

14

Notwithstanding the foregoing, in its response to the Motion to Dismiss the Complaint, UWM contends that the consideration was the parties' continued business relationship. ECF No. 18, PageID.158.

But the Parties' business relationship already existed pursuant to the 2018 Wholesale Broker Agreement and would have continued to exist under those terms because, as UWM alleges, neither party had terminated the 2018 Wholesale Broker Agreement. ECF No. 13, PageID.94-95 at ¶¶ 15-18. In fact, the performance of a pre-existing duty or legal obligation is generally held *not* to be sufficient consideration for a return promise. 17 Am Jur 2d, Contracts, § 119, p 465  ("The general rule is that a promise to do that which the promisor is legally bound to do, or the performance of an existing legal obligation, does not constitute consideration, or sufficient consideration, for a contract."). This rule has been consistently applied in Michigan Courts. See e.g. *Vickers v. Am. Oil Co.*, 26 Mich. App. 245, 152; 182 N.W.2d 592 (1970) (the Court found "absolutely no indication that [the plaintiff's] continuing tenancy was any more than what was already required of him under the lease … Under these circumstances, we are constrained to hold that there was no valid subsequent oral modification of the lease.").

In its response to the Motion to Dismiss the Complaint, UWM contends that *Adell Broad. Co.*, 269 Mich. App. at 11, somehow supports UWM's position. On the contrary, the *Adell* Court held, "In this case, the parties waived certain terms of their

15

original agreement in a signed writing. In doing so, the parties considered the changes to their advantage." Because, unlike the matter at bar, a signed writing existed in the *Adell* case, there was no requirement for additional consideration there.

### D. The Unsigned Amendment to the 2019 Wholesale Broker Agreement is Void Because, on its face, it Would Not Become Effective Unless it is Executed by the Parties.

The Unsigned Amendment to the 2019 Wholesale Broker Agreement clearly contemplates that it would *not* become effective unless and until it is executed by the Parties. Specifically, the Unsigned Amendment to the 2019 Wholesale Broker Agreement contains signature blocks for both Parties and Section 7.19 of the Unsigned Amendment to the 2019 Wholesale Broker Agreement acknowledges that it could be executed in counterparts or via electronic signature. ECF No. 17-2, PageID.134 (blank signature blocks), PageID.131 at § 7.19. But the Unsigned Amendment to the 2019 Wholesale Broker Agreement is not signed at all, electronically or otherwise. Tellingly, UWM cannot and does not even allege that it has a signed copy of the Unsigned Amendment to the 2019 Wholesale Broker Agreement. Instead, UWM merely vaguely alleges that "In February and March 2022, District Lending reviewed UWM's yearly Agreement renewal package, which contained the All-In Addendum, and approved the renewal through UWM's online broker-facing portal." ECF No. 17, PageID.98-99 at ¶ 32. This Court is not obligated to accept the plaintiff's allegations as true where, as here, they are *contradicted* by a

16

document attached to the FAC (ECF No. 17-2), which is the completely unsigned purported amendment to the 2019 Wholesale Broker Agreement which contains no indicia at all that it was agreed to by District Lending. See e.g., *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

Here, UWM's bald, conclusory allegation that District Lending somehow "approved the renewal through UWM's online broker-facing portal" is entirely implausible as a matter of law and entirely contrary to the requirement that any amendments to the 2019 Wholesale Broker Agreement could only be made in a signed writing executed by each of the Parties. *Dugan*, 845 F.Supp.2d at 805 (allegations must, at a minimum, present legally plausible claims); ECF No. 17-1, PageID.111 at § 7.01.

UWM's allegation is entirely belied and contradicted by the Unsigned Amendment to the 2019 Wholesale Broker Agreement, which UWM attaches to its FAC, and which, on its face, confirms that the Unsigned Amendment to the 2019 Wholesale Broker Agreement was never signed by the Parties even though it expressly contemplates execution by way of the Parties affixing their authorized signatures. ECF No. 17-2, PageID.134 (blank signature block), PageID.131 at § 7.19 (identifying the acceptable methods for executing the Unsigned Amendment to the

2019 Wholesale Broker Agreement). Furthermore, the Unsigned Amendment to the 2019 Wholesale Broker Agreement provides no indicia at all that it was "approved" by District Lending through UWM's "online broker facing portal" nor in any other way.

In sum, the Unsigned Amendment to the 2019 Wholesale Broker Agreement is void because: (1) it does not comply with the amendment requirement of Section 7.01 of the 2019 Wholesale Broker Agreement (ECF No. 17-1, PageID.111 at § 7.01); (2) it could be amended under Section 7.08 of the 2019 Wholesale Broker Agreement because the type of amendment is not the type permitted by Section 7.08; (3) UWM never provided any additional consideration for the purported "amendment" which is required pursuant to Mich. Comp. Laws Serv. § 566.1; and (3) on its face, the Unsigned Amendment to the 2019 Wholesale Broker Agreement confirms that it is not effective unless and until it is signed by the Parties. As a result, UWM's claim for breach of the Unsigned Amendment to the 2019 Wholesale Broker Agreement fails as a matter of law and should be dismissed with prejudice.

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, District Lending respectfully requests that this

Court GRANT the instant Motion and dismiss the FAC with prejudice.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
Dated:  May 7, 2024            jhirsch@morganrothlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

MORGANROTH & MORGANROTH, PLLC

By: <u>/s/ Jason R. Hirsch</u>
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
Email: jhirsch@morganrothlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United Wholesale Mortgage, LLC, | |
| Plaintiff(s), | Case No. 2:23-cv-13176 |
| | Honorable Laurie J. Michelson |
| v. | |
| Madison Atrina LLC, | |
| Defendant(s). | |

## BRIEF FORMAT CERTIFICATION FORM

I, Jason R. Hirsch, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

21

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

/s/ Jason R. Hirsch
Dated: May 7, 2024